We're going to move now to case number three, Fuqua v. United States Postal Service, Appeal 18-2415. And we're going to begin first with Mr. Cardoza. Thank you, sir. Thank you and may it please the court. Michael Cardoza on behalf of plaintiff appellant Leonard Fuqua. Mr. Fuqua appeals the district court's dismissal of his claims under the Federal Court Claims Act for lack of subject matter jurisdiction. The primary issue in this case is the issue this court requested briefing on in its order from February 28, 2019, namely whether the Secretary of Labor's termination of his claims under the Federal Employment Compensation Act precludes his claims under the FTCA. Now, the fundamental error of the district court was its failure to recognize that Mr. Fuqua's claims under the FICA for workplace emotional distress injuries are not coextensive with his claims under the FTCA for damages resulting from intentional or negligent infliction of emotional distress claims falling outside the scope of the FICA. Now, the Department of Labor has repeatedly said in its decisions only a limited category of emotional distress claims fall within the scope of the FICA. And they've explained that you need five basic elements in order for a claim to be accepted within the scope. Before you go there, Mr. Cardoza, how do the claims that your client raised before the Department of Labor differ before what was that the claims that would be under the FICA? They require a showing of abuse or error on the part of the employing agency. There's no similar requirement under the FTCA. You're correct in terms of describing the legal nature of what the Department of Labor has exclusive jurisdiction over, but my question's a little bit different. I'm asking what your client actually pursued in those two courts. He made claims before the Department of Labor. He filed a complaint in the district court. How do those two claims differ? I mean, those two claims differ, obviously, I already mentioned in the scope, but they are different statutes the FICA is designed for. In terms of his allegations and what he was seeking, I mean, he filed in, for example, in the district court an intentional infliction of emotional distress claim in connection with his termination from work. How could that differ from the employer acting abusively or erroneously? So the hypothetical that we've considered that would fall within the gap between those two is that, let's say he was transferred and then terminated, transferred within the rights of the collecting bargaining agreement. However, if that transfer was done with the intent and knowledge that it would cause him extreme emotional distress, we believe that it would still satisfy that requirement. There was no physical abuse. There could be no physical abuse or verbal abuse, and because it was within the rights of the I think I have the same question as Judge St. Eve, and it's this. There's a couple places in your brief where you do this, and the brief is well done, so I commend you on that. You say, for example, in your reply brief, okay, at the bottom of page two, carrying over to page three, you say the Department of Labor did not consider, much less rule, on any claims that Mr. Fuqua might make that his emotional distress resulted from the Postal Service conduct that was neither abusive nor erroneous, etc. Okay. Here's the difficulty that I have with the construct, right? The argument's clear. Why do we have to hypothesize on claims that he might make? We're actually in litigation. We know what claims he did make, and they're not disconnected, is the concern that I have, from abuse or error. So while the harm alleged in both cases is emotional distress, I still think that the claims are distinct, and I would point directly to paragraphs 33 and 34. Well, is what you mean by distinct that one's brought under the Federal Torts Claims Act and one's brought under FECA? Partially, yes. We've got to look at the substance of it, right? So in your brief, I mean, you say, suppose he got transferred, what do you say, like Alaska or San Francisco or something? Kansas City. No, no, no. That's where he did go. But the hypothetical that you propose is, suppose that they deliberately transferred him to Alaska, and the whole point was, well, let me transfer him to Alaska. Well, no, he'll quit. He's a Midwesterner, right? Well, okay, hypothetically, fine. But that's not what happened here, right? He got transferred to he might make. Why don't we just look at the claims he did make? So, I mean, I think that the claims that he did make are satisfactory. This case was dismissed for lack of subject matter jurisdiction, so the sufficiency of the complaint has not been tested. The USPS says that it was decided under 12b1 and 12b6, but that's incorrect. The district court only ruled for lack of subject matter jurisdiction. And additionally, so as I said, paragraphs 33 and 34 do state out a cause of action that does not rely on abusive or erroneous conduct. Which paragraphs? 33 and 34 of the complaint. So looking at those paragraphs, they allege damages for severe or extreme emotional distress based on the defendant's treatment of him. And all of the prior paragraphs above describe the treatment of him by the defendant allegedly. Why don't those factual allegations of the treatment that caused the emotional distress in the case as alleged by your client, why don't those amount to abuse or erroneous actions by the defendant? So my first response to that is that the Department of Labor has not been clear at all as far as what the factual allegations could be viewed in that light. Additionally, I'm sorry, could you repeat the question one more time? I lost my train of thought. Sure, of course. You are, we're trying to distinguish what we can hear versus the Department of Labor's exclusive jurisdiction. The Department of Labor has said emotional distress damages that arise from the workplace are covered when they're based on the agency acting abusively or erroneously. And in reading plaintiff's complaint, and I know you didn't draft this, but in reading plaintiff's complaint, it appears to me that everything he alleged in the district court was caused by, in terms of emotional damage, was caused by his employer's abuse or So the federal rules of civil procedure only require issue pleading, and I believe that paragraphs 33 and 34 are enough to state a claim. Like I mentioned, there was no 12B6 motion regarding the sufficiency of his complaint. If there were a 12B6 motion that was then granted under Federal Rule 15, Mr. Fuqua would have the opportunity to amend his complaint and perhaps add additional details to flesh out exactly what the abusive or erroneous conduct is that he's discussing in the paragraphs. What facts, though, just to press a little bit on what Judge St. Eve is asking you, what facts, though, make that inference plausible in the complaint? I'm sorry, the inference that— Yeah, that he is bringing a claim divorced from allegations of abuse or error in connection with is the complaint. And so we—and you're right, you're absolutely right that it's notice pleading, it's not 9B pleading or anything like that. But if you look at the complaint, don't you run right into what Judge St. Eve is observing? I mean, what makes this plausible? 33 and 34 are—I mean, they're there, but they're conclusory. I agree, but the proper course would be for a 12B6 motion, which was not filed. He should have—if the complaint is found to be insufficient, he should have the right to add additional details. But this is directly linked to subject matter jurisdiction, separate and apart from has he stated a claim. And in order to have subject matter jurisdiction, you're trying to argue that his emotional damages that he's claiming in his complaint did not arise from defendant's abusive or erroneous conduct. So our question is, based on the pleadings in the complaint, which is all we have to look at, where can we take in here that these actions were—causing his emotional distress were not based on the employer's abusive or erroneous conduct? Because it seems that's what he's alleging. I agree that it certainly seems that way from first read of the complaint. But again, the standard for what is error of use is entirely unclear. It should be remanded, possibly with instructions to seek further clarification from the Department of Labor regarding the decision, and perhaps they might give a standard to help guide the district court. But at this point, we just can't be sure. Thank you. Now, the Department of Labor uses the terms coverage and scope when discussing the application of the abusive or erroneous threshold. They first must determine the scope and whether the claim falls within the scope of the FECA, and then only if the answer is yes, they determine whether or not that claim is compensable. As I stated, emotional distress claims not based on abuse or error would fall outside the scope of the FECA. The DOL, or the Department of Labor, accepted this case, but insofar as his claims could have fallen within Department of Labor jurisdiction, he failed to prove them. However, adjudicating the claims that could fall within the scope of the FECA should have no bearing on whether or not he can come forward with claims that would fall outside the scope of the FECA, namely claims not based on abuse or error on the part of the employing agency. And the district court misinterpreted the Department of Labor decision to mean that it had accepted jurisdiction and denied compensation, but that goes directly against the language that the hearing examiner uses, namely that abuse or error goes towards a threshold issue of accepting the jurisdiction of the case. Thus, Mr. Fuqua has the right to bring his emotional distress claims to the district court under the FTCA so long as they're not predicated on the abuse or error, and whether or not he can succeed on the merits of his claim as so limited is a question for the district court and potentially a federal jury to determine. I do have one more issue that I would like to briefly mention, and that's the USPS argument that Mr. Fuqua's claims are precluded by the PRA. The PRA does not bar every possible claim of resulting from federal employment with the United States Postal Service. A perfect example is Mr. Fuqua's prior case in which he brought claims for age discrimination under the ADEA. While he did lose that claim, he lost his summary judgment on the merits. This claim, like his ADA claim, is based on a federal statute that's co-equal to PRA, and it should not be precluded as a matter of law. The PRA only covers certain types of disputes, and whether or not Mr. Fuqua's claims would fall within that range is a factual matter that should be determined by the district court in the first instance. Again, because this was not addressed at the district court level, it should be remanded for consideration there with full briefing. Alternatively, if this court does conclude that his claims are precluded by the PRA as drafted, it should still be remanded and give him the opportunity to amend. I'd like to reserve my remaining time for rebuttal. Very good. Thank you, Mr. Cardozo. Thank you. We'll now hear from Mr. Ling. Thank you, Your Honor. May it please the court, counsel? There's a good reason that we don't generally hear federal employees like Mr. Fuqua come running to the federal courts to sue the United States under the Federal Tort Claims Act every time that something happens to them at work that might upset them. First of all, there's a huge floodgates argument there, but more specifically, this is because Congress has created the Federal Employees Compensation Act, what counsel is referring to as FECA, to address and to provide compensation for work-related injuries under that provision to be administered not by the federal courts, but by the Department of Labor in situations where this alleged injury happens at work. Another reason regarding these emotional distress claims is that to the extent that a federal employee alleges suffering emotional distress based on discriminatory workplace actions, their exclusive remedy is to pursue first their administrative claims and then sue in federal court after those are exhausted under either the Title VII or the Age Discrimination Act, which is in fact what Mr. Fuqua did in this case and lost after summary judgment. And yet another reason, and this is to the extent that Mr. Fuqua is claiming that his termination was wrongful, his other avenue to challenge that termination itself is to ask his union to file a grievance to grieve that termination. So those are the, you can either look at it as two buckets or the three buckets in terms of the fact that Mr. Fuqua tried to raise emotional distress claims and was unsuccessful first at the summary judgment stage in Title VII and that he was ultimately given a chance by this court on remand to try to raise those same claims before the Department of Labor under the Federal Employees Compensation Act and that he lost doesn't entitle him to another shot to go back to the district court and say, hey, you know, I may have forgotten to do something or it wasn't perfect in front of the Department of Labor and I should be given a chance to try to raise an alternative theory for emotional distress damages that I didn't raise in front of the Department of Labor. And in fact, the Department of Labor said, these are circumstances in which, Mr. Fuqua, we may be able to award you compensation under the Federal Employees Compensation Act, but you have to do a couple of things. You have to show that your workplace injury, your workplace emotional distress was caused by the wrongful or the abusive or the otherwise improper behavior of your employer, which is exactly what he alleged both at the district court level and in his claim to the Department of Labor. And in order to get any kind of compensation for what you're asking for, which is really the whole gist of what this case is about, you have to be able to show us some proof of your damages. They asked him not once, but I think at least twice, for additional medical information to support his claim of emotional distress. And they told him what they would consider. They told him that they would consider, and this is at Record 44, Exhibit C at 1-3. Department of Labor wrote to Mr. Fuqua noting that his failure to submit any evidence in support of his claim that he had suffered severe or extreme emotional distress during his postal service employment leading to his termination and directed him to submit any supporting evidence within 30 days. The Department of Labor specifically told Mr. Fuqua that failure to submit any medical evidence and directed him to have his attending psychiatrist or clinical psychologist submit a narrative medical report detailing the dates of examination, treatment, history, and detailed findings of symptoms, results of any and all psychological testing, diagnoses, and clinical course of treatment followed, and the physician's opinion supported by medical explanation regarding the cause of his emotional condition. And that's what he failed to do. And this is under a no-fault statute. He doesn't have to prove fault here. He just has to provide evidence of the damages. So what he's alleging on remand is that he should be allowed, having failed to prove any evidence to support a no-fault claim, he should be allowed to allege some type of alternative theory under a tort claim, under a tort analysis, in essence saying that I should be able to say that I'm entitled to emotional distress even though I can't prove a breach. That's astounding. Now, you handled the other case as well, the ADEA case, correct? I did. I did, Your Honor. And you've made reference to the three buckets, correct? Yes. Indulge us with, what if someone brings a claim and there is an uncertainty as to which bucket it goes into? Is there a residual clause in any of these circumstances or a catch-all clause in any of these circumstances that would say it goes under a FECA or it goes under a different statute? I think my familiarity with these emotional distress in the context of employment issues goes more strongly to Title VII and employment discrimination cases because that's with the amendment of the statute in 1991 with compensatory damages and everything else. That's where I see the residual catch-all type situation more often. Thank you. But the fact that there isn't such a catch-all provision under the Federal Employees' Compensation Act doesn't mean that you can't, you know, when they've already told Mr. Fuqua that this may be an option for you but we need more information before we can decide whether you're entitled to compensation. And ultimately, whether you want to, whether you, you know, quibble with the choice of or you take question with them not using the word jurisdiction or not, they clearly told Mr. Fuqua, this is what we need to do in order to consider your claim and give you compensation. The final piece of that puzzle was that to the extent that there's, quote, jurisdiction in this case by the Department of Labor, they retained it because they gave him an opportunity to pursue any appeal of their decision, not with the district court but with them, the Department of Labor. And that's what's kind of strange about the remand request in this case. Remand to the district court for what? Remand for the district, to the district court to manage how the Department of Labor is supposed to decide this case if it were to be sent back to the Department of Labor. The decision here that they're attacking or the damages claim that they're attacking, it doesn't come from the district court, it comes from the Department of Labor, which isn't even a party to this lawsuit. So that's, that's what some, is somewhat confusing to me. I, I, I think what he's saying is that I understand I haven't prevailed under FECA. I want a chance to bring a federal tort claim. I think the problem he runs into is he then doesn't proffer any kind of facts that would, it would kind of getting out from under FECA, if, if you know what I mean, right? It's in, it's in the briefs like. Exactly, it's a circular, it's a circular argument. There's no, there's no question that if we just sat down with a blank piece of paper, sure, we could all hypothesize a plaintiff that can kind of plead out from under FECA. Maybe it's an odd set of facts or circumstances, but we could do it. But the problem is that this particular plaintiff hasn't done it, right? I mean, we look at the, I mean, there's not many things, we look at the federal complaint, I, I don't see it there. I, I don't, I, I agree, Your Honor. I, I don't think there is any way that he could do it specifically. So it's like it's being hypothesized and then, well, sure, it's legally possible. Everyone agrees with that. But what are the factual predicates of it that have been alleged to date that make it plausible? Agree, Your Honor. And again, this, this also goes back to the issue of the three jurisdictional buckets. I, I hate to keep on going back to that, that analogy, but that's one way of, one way that's easier for me to, to try to understand. Um, if what Mr. Fuqua is complaining about is that he won't get as much damages under the Federal Employees' Compensation Act as under the Federal Tort Claims Act, well, that, that's neither here nor there. That's our, our position is that that's what Congress has said, is that your limitation in terms of relief is under the Federal Employees' Compensation Act, and it may be less than damages under the Federal Tort Claims Act. But you're a federal employee and you claim to have suffered injuries in the course of your federal employment, and that's what you get in exchange for no fault coverage. Um, unless there are any further questions from the Court? No, thank you, Mr. Thank you, Mr. Lange. We'll hear now on rebuttal, Mr. Cardozo. Thank you. Uh, first, I do want to stress that, uh, paragraph 33 does not clearly, uh, reverse all the statements that were made, uh, prior in the complaint. Uh, it's unclear exactly what it applies to. Uh, I'd also like to address, uh, the statements about the sufficiency of the evidence submitted, uh, specifically regarding to the medical evidence. Uh, under the FECA, the doctor's note that's required, uh, I think that's primary, because it was primarily designed to deal with, uh, physical workplace injuries. Um, but again, the, Mr. Fuqua, in the federal court, Mr. Fuqua's statements in paragraph 34 and his testimony would be sufficient to apply to the second step of the Department of Labor Discrimination, uh, specifically compensability, uh, where his claims failed was, uh, in the first step in terms of determining jurisdiction. Uh, additionally, uh, the SPS speaks of three buckets. I would argue instead that there are actually four buckets, uh, one being, um, as a result of discrimination, uh, emotional distress that's covered by the FECA, a violation of a union contract, and this one, uh, a claim of emotional distress that does not fall into any of the other above buckets. Uh, there's no discriminating factor, abuse or error, or violation of union contract. Um, and one last thing that I'd like to point out is that, uh, Mr. Fuqua filed his complaint prior to the ruling by the Secretary of Labor, uh, and he's not had an opportunity to amend his complaint since then. Um, and although he would have been on notice, he was a pro se appellant, or sorry, pro se plaintiff, um, and I think he should be given the opportunity, perhaps with assistance of counsel, if it is insufficient to amend. Um, and I'd like to reiterate, uh, Mr. Fuqua has a right to bring his emotional distress claim so long as they're not predicated on, uh, abuse or error in the district, uh, by the employing agency. Uh, again, whether he can succeed on the merits, uh, that's for the district court to determine. I understand that it is, um, a very narrow set of facts that would fall into this bucket, but he should be given the opportunity, uh, to present those facts and win on his case. Uh, respectfully, we asked, uh, this court to vacate the district court judgment and remain for further proceedings, unless there are any further questions. The case will be taken under advisement. Uh, Mr. Schmidt and Mr. Cardozo, thank you very much for taking this appointment. We very much appreciate, um, the time, effort and energy you've put into it. Um, you have the thanks of the court, appreciation of the court. Thank you, Mr. Lang, for your representation as well. Uh, the case will be taken under advisement.